IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jane Doe,<br><br>                Plaintiff,<br><br>v.<br><br>Three Rivers Behavioral Health, LLC;<br>Universal Health Services, Inc.; and UHS<br>of Delaware, Inc.,<br><br>                Defendants. | C/A No. 3:25-12813-JFA<br><br><br>**MEMORANDUM OPINION AND<br>ORDER** |

This matter is before the Court on Plaintiff Jane Doe's Motion to Remand. (ECF No. 8). Having been fully briefed, this matter is ripe for review. (ECF Nos. 8, 13, 15 & 16). For the reasons stated below, Plaintiff's Motion to Remand and alternative request for jurisdictional discovery is denied.

## I.     FACTUAL AND PROCEDURAL HISTORY

This matter involves state law claims for gross negligence, negligence, negligent supervision, negligent infliction of emotional distress, and premises liability brought by Plaintiff against Defendants Three Rivers Behavioral Health ("Three Rivers"), Universal Health Services, Inc., ("UHS"), and UHS of Delaware, Inc. ("UHS-D").[1] (ECF No. 1-1). These claims arise from alleged sexual, physical, and emotional abuse suffered by Plaintiff while she was a minor resident at Three Rivers. *Id.* Defendant UHS removed this action

---

[1] Hereinafter collectively referred to as ("Defendants").

from the court of common pleas for the 11th judicial circuit, Lexington County, South Carolina to this Court asserting diversity jurisdiction. (ECF No. 1).

## II.    LEGAL STANDARD

A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court if the case could have been brought there originally. 28 U.S.C. § 1441. Removal of a case from state to federal court may be accomplished through 28 U.S.C. § 1441(a), which states in relevant part:

> [A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The party seeking removal bears "the burden of establishing federal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). A notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 199-200. The Fourth Circuit has held that removal jurisdiction is to be strictly construed in light of federalism concerns. *See Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005). If federal jurisdiction is doubtful, remand to state court is required. *Id.* at 441.

District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1). "[W]hen an LLC party is before a federal court under diversity jurisdiction, 'we necessarily trace [its] citizenship through [the] layered entities' comprising its ownership structure." *Chalpin Realty SC LLC v. Jersam Realty Inc.*,

No. 24-1971, 2025 WL 3654605, at *2 (4th Cir. Dec. 17, 2025) (citing *Capps v. Newmark S. Region*, LLC, 53 F.4th 299, 302 (4th Cir. 2022)).

## III.    ANALYSIS

Plaintiff argues UHS has failed to establish diversity jurisdiction exists. She alleges that the citizenship of Three Rivers should be ascertained using the "nerve center" test rather than the well-established rule for determining the citizenship of a limited liability company ("LLC"). (ECF No. 8, p. 4). Second, she argues that UHS's "nerve center" is actually in South Carolina, not Pennsylvania as alleged by Defendants. *Id.* at 5-7. Plaintiff requests jurisdictional discovery to determine whether UHS delegated its "nerve center" functions to Three Rivers in South Carolina. *Id.* at 8-9.

### a. Citizenship of Three Rivers

Defendant Three Rivers is an LLC. (ECF No. 1). To adequately allege complete diversity, Defendants traced Defendant Three Rivers' citizenship through a series of single-member LLCs to Premier Behavioral Solutions, Inc. (ECF Nos. 1 ¶¶ 24-25, 13, p. 7 & 13-1). Premier Behavioral Solutions, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. (ECF Nos. 1 ¶ 26, 13, p. 7 & 13-1).

Plaintiff argues that "there is a South Carolina law clearly defining the legal status of an LLC like Defendant Three Rivers which negates the need for the sort of strict application of" the federal rule for determining the citizenship of an LLC. (ECF No. 8, p. 4). Plaintiff cites S.C. Code Ann. § 33-44-201 which states: "Except as provided in Section 12-2-25 for single-member limited liability companies, a limited liability company is a legal entity distinct from its members." Plaintiff contends this statute requires the Court to

apply the "nerve center" test to determine the citizenship of an LLC. Such a proposition is contrary to well-settled federal law. The "nerve center" test applies to corporations, not unincorporated associations such as Three Rivers. *See Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010). Accordingly, Defendant Three Rivers is a citizen of Delaware and Pennsylvania for purposes of evaluating diversity jurisdiction.

**b. Delegation of Nerve Center Functions**

Plaintiff also argues that Defendant UHS's true "nerve center" is in South Carolina and accordingly complete diversity is lacking. (ECF No. 8, p. 5-7). Plaintiff contends Defendant UHS, a corporation, has delegated its managerial functions to Defendant Three Rivers and accordingly its principal place of business is located in South Carolina, not Pennsylvania. Plaintiff's arguments on this issue are speculative and unsupported by any substantive evidence. Rather, Plaintiff cites to Defendant Three Rivers' website where "it reveals it has C-suite corporate officers in South Carolina, including a CEO, in carrying out Defendant UHS's business in South Carolina." (ECF No. 8, p. 6). This contention is insufficient to rebut Defendants' declaration (ECF No. 13-1) and corporate filings. Defendants' corporate filings and declaration establish that Pennsylvania is the location of corporate direction, control, and coordination; and that Defendant UHS did not provide "day-to-day operational, administrative, or management services to Three Rivers or any of its other subsidiaries' hospitals and facilities." (ECF No. 13-1, ¶ 16). Accordingly, Defendant UHS, a Delaware Corporation with its principal place of business in Pennsylvania, is a citizen of Delaware and Pennsylvania for purposes of evaluating diversity jurisdiction.

### c. Request for Jurisdictional Discovery

Plaintiff alleges she has shown good cause sufficient to warrant an order for jurisdictional discovery to establish the location of the "nerve center" for Defendant UHS. (ECF No. 8, p. 8). The Undersigned disagrees. Plaintiff has not shown that Defendant UHS's principal place of business is unclear or in dispute. Rather, in the face of Defendants' competent evidence, Plaintiff presents speculative arguments underpinned by statements on one Defendant's website. Accordingly, Plaintiff's request for jurisdictional discovery is denied.

### d. Amount in Controversey

Plaintiff does not appear to challenge the amount-in-controversey. Further, upon a review of Plaintff's claims, this Court is satisfied the amount in controversey requirement is met. Plainitff alleges severe physical and emotional injuries that arose from sexual and physical abuse of a minor. (ECF No. 1-1). Plainitff seeks compensatory and punitive damages over an extended period of time. *Id.* Thus, the record supports, by a preponderance of the evidence, that the amount in controversey exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014) ("the amount-in-controversey allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court. In the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversey requirement has been satisfied.").

5

## IV. CONCLUSION

Defendants have established that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). Accordingly, remand is not permitted under 28 U.S.C. § 1447 (c). Thus, Plaintiff's Motion to Remand and alternative request for jurisdictional discovery (ECF No. 8) is denied. Consequently, the stay ordered by this Court (ECF No. 9) on the deadline to respond to the pending Motion to Dismiss (ECF No. 7) is lifted upon the filing of this Order.

IT IS SO ORDERED.

January 6, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge