IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jane Doe, <br><br> Plaintiff, <br><br> v. <br><br> Three Rivers Behavioral Health, LLC; Universal Health Services, Inc.; and UHS of Delaware, Inc., <br><br> Defendants. | C/A No. 3:25-cv-12813-JFA <br><br><br> **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Defendant UHS of Delaware, Inc.'s ("UHSD")

Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state

a claim upon which relief can be granted or, in the alternative, to strike paragraphs 17–49

of the Complaint pursuant to Fed. R. Civ. P. 12(f). (ECF No. 7). Jane Doe ("Plaintiff") filed

a response in opposition (ECF No. 21) to which UHSD filed a reply (ECF No. 22).

Therefore, this matter is ripe for review. For the reasons discussed herein, UHSD's Motion

to Dismiss is granted, and UHSD's alternative request to strike is dismissed as moot.

## I.    FACTUAL AND PROCEDURAL HISTORY

The following facts are taken from Plaintiff's Complaint and are accepted as true.

This matter involves state law claims for gross negligence, negligence, negligent

supervision, and premises liability brought by Plaintiff against Defendants Three Rivers

Behavioral Health ("Three Rivers"), Universal Health Services, Inc. ("UHS"), and UHSD.

(ECF No. 1-1). These claims arise from alleged sexual, physical, and emotional abuse

1

Plaintiff suffered while she was a minor resident at Three Rivers. *Id.* Plaintiff alleges that she was inpatient at Defendant Three Rivers' facility at thirteen years old. *Id.* at ¶ 50. She further alleges that one day, a minor male resident of the facility sexually assaulted her. *Id.* at ¶¶ 51–67. According to the Complaint, no staff of Three Rivers intervened in any way to prevent Plaintiff and the male minor resident from going unsupervised into a room together. *Id.* at ¶ 60. Further, the Complaint states that Three Rivers' staff did not report the rape and instead told Plaintiff that "her rape was consensual because nobody heard her scream out for help." *Id.* at ¶¶ 63–64.

Plaintiff alleges that UHSD is the management company for Defendant Universal Health Services. *Id.* at ¶ 5. Further, Plaintiff states in her Complaint that Defendant Three Rivers is owned and operated by a subsidiary of Defendant UHS. *Id.* at ¶ 4. According to the Complaint, Defendants UHS and UHSD knew or should have known that understaffing Defendant Three Rivers would negatively affect Defendant Three Rivers' ability to ensure resident safety and prevent assaults; however, UHS and UHSD "nevertheless sought to minimize the number of staff at the facility. In doing so, Defendant UHS and Defendant UHS[]D knowingly increased the risk of harm to vulnerable minors in exchange for increased profits." *Id.* at ¶ 78.

Defendant UHS removed this action from the court of common pleas for the 11th judicial circuit, Lexington County, South Carolina to this Court asserting diversity jurisdiction. (ECF No. 1). This Court denied Plaintiff's Motion to Remand. (ECF No. 19).

2

## II.     LEGAL STANDARD

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Atlantic Corp. v. Twombly*, 550 U.S. 544, 580 (2007).

In reviewing the adequacy of a complaint, a court "should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Ultimately, "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs.*, 7 F.3d at 1134.

## III.     ANALYSIS

UHSD moves to dismiss on the ground that the Complaint fails to state a plausible claim for relief against it. (ECF No. 7). UHSD argues that Plaintiff asserts claims for negligence, gross negligence, negligent supervision, and premises liability against it as part of an improper "shotgun pleading" that relies solely on legal conclusions and the collective grouping of UHSD with Three Rivers and UHSI. (ECF No. 7-1, p. 2). Accordingly, UHSD

avers that Plaintiff's improper group pleading fails to adhere to the basic pleading requirements of Fed. R. Civ. P. 8, and that each cause of action fails on the merits because Plaintiff has failed to allege facts showing that UHSD owed her a duty, UHSD cannot be vicariously liable for the acts of Three Rivers staff members, Plaintiff has not alleged that UHSD knew or should have known that the employment of staff created an undue risk of harm to Plaintiff, and that Plaintiff has failed to sufficiently allege that UHSD owed any duty to Plaintiff that could support a premises liability claim.

UHSD further argues that "[a]part from the averments that UHSD is the management company for UHS[] and that UHSD is a party to a Corporate Integrity Agreement, [] the 135-paragraph Complaint does not contain any specific factual allegations regarding UHSD." *Id.* at 3.

### A. Plaintiff's Complaint Does Not Satisfy Federal Pleading Standards.

The Court finds that the Complaint does not satisfy Rule 8 as to its allegations against UHSD. Fed. R. Civ. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Here, the Complaint provides a lengthy description of the history of incidents that have occurred in various UHSD facilities, as well as detailed allegations regarding the abuse Plaintiff avers occurred at Three Rivers. (ECF No. 1-1). In asserting her allegations, Plaintiff repeatedly refers to "Defendants" collectively and does not substantively identify specific acts or omissions by UHSD in connection with this alleged misconduct. (ECF No. 1-1); *see e.g. Doe v. Palmetto Pee Dee Behav. Health*, No. 4:25-CV-12842-JD, 2026 WL 915215, at *3 (D.S.C. Apr. 3,

4

2026) ("Here, although the Complaint contains detailed allegations regarding Plaintiff's alleged abuse at [the facility], it repeatedly refers to 'Defendants' collectively and does not identify specific acts or omissions by UHSD, its employees, or its agents in connection with the alleged misconduct."); *see also A.P. by & through S.R. v. S.C. Dep't of Soc. Servs.*, No. 4:25-CV-5882-JD, 2025 WL 2778346, at *3 (D.S.C. Sept. 26, 2025).

The same reasoning as applied by other courts in this district applies here. Plaintiff relies on collective allegations and a general corporate-management theory, without pleading any particular acts by UHSD tied to the misconduct alleged at Three Rivers. Even in the sporadic occasions where Plaintiff specifies UHSD rather than collectively stating "Defendants," the Complaint does not sufficiently allege a responsibility of UHSD to perform beyond relying on the corporate-management theory. *See. e.g.* (ECF No. 1-1, ¶ 77 "Defendant UHS and UHS[]D are aware of the specific dangers of understaffing their behavioral health facilities, including the risk of abuse resulting therefrom, as Defendant UHS and Defendant UHS[]D's facilities and staff have faced numerous law enforcement investigations, lawsuits, and Senate inquiries regarding such practices and the consequences thereof."). "While a plaintiff may plead on information and belief where relevant facts are peculiarly within a defendant's knowledge, the complaint must still include enough factual material to make the inference of liability plausible." *A.P.,* 2025 WL 2778346, at *3. Without more, these collective allegations and unsupported conclusions do not provide fair notice of the conduct UHSD is alleged to have committed.

**B. Plaintiff Fails to State Plausible Claims for her Causes of Action**

While this Complaint is subject to dismissal for the improper group pleading discussed herein, Plaintiff's claims are also deficient because she has failed to allege facts sufficient to state plausible claims for (1) gross negligence, (2) negligence, (3) negligent supervision, or (4) premises liability against UHSD.[1]

    **i.**     **Plaintiff's claims for Negligence, Gross Negligence, and Negligent Supervision:**

Plaintiff's claims for negligence, gross negligence, and negligent supervision fail because the Complaint does not sufficiently allege that UHSD owed Plaintiff a duty. "Negligence is the breach of a duty of care owed to the plaintiff by the defendant." *Savannah Bank, N.A. v. Stalliard,* 400 S.C. 246, 251, 734 S.E.2d 161, 163 (2012). "In any negligence action, the threshold issue is whether the defendant owed a duty to the plaintiff." *Easterling v. Burger King Corp.*, 416 S.C. 437, 446, 786 S.E.2d 443, 448 (Ct. App. 2016). Negligent supervision and gross negligence claims similarly rest on a defendant's own breach of a duty. *Scibek v. Gilbert*, No. 20-cv-2638, 2022 WL 1121001, at *4 (D.S.C. Apr. 14, 2022); *Fort v. Suntrust Bank*, No. 13-cv-1883, 2016 WL 4492898, at *4 (D.S.C. Aug. 26, 2016).

---

[1] UHSD's motion to dismiss also seeks to dismiss Plaintiff's claim for negligent infliction of emotional distress. While the first sentence of Plaintiff's complaint states: "Plaintiff Jane Doe, files this action for gross negligence, negligence, negligent supervision, *negligent infliction of emotional distress,* and premises liability . . .," (ECF No. 1-1, p. 3) (emphasis added), the body of Plaintiff's complaint asserts only four causes of action. These causes of action do not include negligent infliction of emotional distress. Accordingly, the Court determines Plaintiff has not asserted a cause of action for negligent infliction of emotional distress. While the Court is aware there are multiple cases with similar subject matter currently pending, the Undersigned cautions the parties to ensure any future filings conform to the facts of this case.

Here, Plaintiff generally alleges that "Defendants, by and through their employees and agents, owed a duty to Plaintiff . . .". (ECF No. 1-1, ¶¶ 79 ,99). These allegations are directed to "Defendants" collectively, not UHSD specifically. The Complaint does not allege facts showing that UHSD, rather than Three Rivers, had custody of Plaintiff, employed Three Rivers staff, supervised or trained those staff members, managed staffing levels or reporting procedures at the Three Rivers facility, or otherwise stood in a direct relationship to Plaintiff giving rise to the alleged duties.

Further, this Court agrees that any reliance placed on the Corporate Integrity Agreement to support Plaintiff's claims against UHSD are misplaced. UHSD is correct in stating that Plaintiff never alleged the dates at which she was a patient at Three Rivers. However, in her Complaint Plaintiff alleges she was thirteen years-of-age at the time the abuse was suffered, (ECF No. 1-1, ¶ 50), and further alleges that "Plaintiff is currently 25 years old." *Id.* at ¶ 16. Accordingly, upon review of the Complaint the Court acknowledges these events occurred approximately twelve years ago and thus transpired in approximately 2014. Thus, this Corporate Integrity Agreement, which Plaintiff alleges was entered into by UHS and UHSD on July 6, 2020, was not in existence at the time the incident occurred. *Id.* at ¶ 8. Additionally, this timeline provides context for Plaintiff's allegation that "Defendant UHS and Defendant UHS[]D are aware of the specific dangers of understaffing their behavioral health facilities, including the risk of abuse resulting therefrom, as [] UHS and [] UHS[]D's facilities and staff have faced numerous law enforcement investigations, lawsuits, and Senate inquiries regarding such practices and consequences thereof." *Id.* at ¶ 77. Plaintiff fails to allege facts showing these incidents, many of which Plaintiff cites in

7

the Complaint and occurred after 2014 or in other states, imputed any such knowledge on UHSD.

To the extent Plaintiff's claims against UHSD are premised on vicarious liability, these claims similarly fail. As discussed, other than alleging UHSD owned, operated, and managed Three Rivers and collectively alleging that "Defendants" employed staff members, Plaintiff fails to adequately allege that UHSD employed any Three Rivers staff. This is detrimental to any attempt to proceed on a vicarious liability theory.

Accordingly, Plaintiff's negligence, gross negligence, and negligent supervision claims fail as pled.

### ii.     Plaintiff's Premises Liability Claim:

Plaintiff's premises liability claim similarly fails as plead. "In South Carolina, premises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner's property as a result of conditions or activities on the land." *Bernstein v. Walmart, Inc.*, 715 F. Supp. 3d 782, 786 (D.S.C. 2024) (citation modified). The Complaint fails to plead non-conclusory facts showing that UHSD exercised possession or control over the Three Rivers premises. In fact, Plaintiff fails to mention UHSD once in substantively alleging her premises liability claim. (ECF No. 1-1, ¶¶126-135). Rather, Plaintiff makes multiple allegations about the actions of the collective "Defendants." Accordingly, Plaintiff has failed to plausibly allege the threshold duty element of her premises liability claim against UHSD. Therefore, Plaintiff's premises liability claim is deficient and is subject to dismissal.

## IV.    CONCLUSION

For the reasons stated herein, Defendant UHSD's Motion to Dismiss, (ECF No. 7), is granted. Although the Court concludes that each cause of action fails as presently pled against UHSD, this dismissal is without prejudice. The deficiency in Plaintiff's Complaint is one of pleading specificity, not necessarily an incurable legal defect. Under these circumstances, where the Complaint does not plead enough defendant-specific factual matter to make her theories plausbile, dimissal without prejudice is  appropriate. Further, Defendant UHSD's alternative motion to strike is dismissed as moot.

IT IS SO ORDERED.

May 6, 2026                                   Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge

9